COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-233-CR

 

 

MATTHEW ERIC DEVER                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
Matthew Eric Dever pleaded guilty to possession with intent to deliver over
four grams but less than 200 grams of methamphetamine.  A jury assessed punishment at fifty-five
years=
confinement and a $5,000 fine.  In two
points, Appellant argues that his guilty plea was involuntary because the trial
court failed to admonish him regarding deportation and because the trial court
did not advise him of the range of punishment until after he had pleaded guilty
in front of the jury.  The State has
filed a plea to the jurisdiction, arguing thatCcontrary
to the trial court=s certificationCAppellant
has no right to appeal because this is a plea bargain case.  We grant the State=s plea
to the jurisdiction and dismiss the appeal.

                                        Procedural
History

The
grand jury originally indicted Appellant for possession of a controlled substance
in November 2006, and it reindicted him for possession with intent to deliver
on June 13, 2007.  At his arraignment
hearing on June 18, 2007, the prosecutor stated on the record,

It is my understanding
that the Defense will waive their ten days, and that the Defendant intends to
plead guilty to the first-degree delivery case to the jury and ask the jury to
assess his punishment and in exchange provided that the jury returns a verdict
that is final, the State will not prosecute Mr. Dever in any subsequent trials
for the other several cases that he has pending.  

Appellant=s trial
counsel then examined Appellant under oath, as follows:

Q.   You know we are set to start the trial and
we have a jury on their way right now.

 

A.   Yes, sir.

 

Q.   I believe you have 11 pending felony cases
that are out there against you.  There
may be a 12th because one was a reindictment. 
You understand that the case we are talking about that you are going to
plead guilty to is actually one of the old cases that kind of got a new number
and they added the delivery part of that. 
Do you understand that?

 








A.   Yes, sir.

 

Q.   Do you understand that included in some of
your offenses, you have what they call 42.12, 3(g) offenses?  Do you understand that?

 

A.   Yes, sir.

 

Q.   You also understand on those type of
offenses, that even for the purpose of parole and good time, you understand
that the parole eligibility is at half of that, whatever your sentence is, and
you do not get any good time credit for any 3(g) offenses.  Do you understand that?

 

A.   Yes.

 

Q.   You have a couple of those cases pending
against you.  This case that we are going
to try is not a 3(g) offense.  It
actually is a non 3(g), which means your parole eligibility would only be a
quarter time.  Do you understand that?

 

A.   Yes, sir.

 

Q.   And you understand what I mean by quarter
time?

 

A.   Yes, sir.

 

Q.   That=s less than half. 
For example, if you had a 60-year sentence, that would be computed at 15
years, right?

 

A.   Yes, sir.

 

Q.   You also understand that on a non 3(g)
offense, that you also get credit for good time on your case for the time you
spend in jail.  Do you understand that
too?

 

A.   Yes.

 

Q.   Do you understand that is not possible on a
3(g) offense?








A.   Yes, sir.

 

Q.   Knowing all that, we have discussed this and
I went over -- I think I saw you three times in the jail last week; and knowing
all that and my discussion with you today, you are willing to waive the ten
days that we have to prepare for the case, plead guilty to jury and let the
jury decide what the punishment is for this case?

 

A.   Yes, sir.

 

Q.   With that understanding, all those other
cases, I believe the State said that they would do a DM2 or dismiss the other
cases, so it is a one-time shot right here. 
As long as the jury comes back -- and what they meant by that was they
can=t be a hung jury.  They have to have a final verdict.  If they do that, that=s it.

 

What they come back with
is what you live with, and everything else is gone.  Is that how you understand it?

 

A.   Yes.

 

Q.   Knowing all that, is that what you want to
do?

 

A.   Yes. 

 

Appellant
then pleaded guilty for purposes of the arraignment. 








The
parties then selected a jury. 
Immediately after voir dire and outside the jury=s
presence, the trial court admonished Appellant on the record.  Appellant persisted in pleading guilty, and
the trial court accepted his plea.  The
punishment-phase evidence included extensive testimony about other crimes
Appellant had allegedly committed.  The
jury assessed punishment at fifty-five years=
confinement and a $5,000 fine.  The trial
court sentenced Appellant accordingly. 
The trial court certified that Athis
criminal case . . . is not a plea-bargain case, and the defendant has
the right to appeal.@ 
See Tex. R. App. P.
25.2(a)(2), (b). 

                                             Jurisdiction

The
State argues in its plea to the jurisdiction that notwithstanding the trial court=s
certification, this is a plea bargain case and Appellant has no right to
appeal.  When a complete record is
present, an appellate court is obligated to examine that record so as to
ascertain whether the trial court=s
certification is defective.  See Dears
v. State, 154 S.W.3d 610, 614B15 (Tex.
Crim. App. 2005).  A complete record is
present in this case; thus, we must examine the entire record in light of
controlling precedent to determine whether the trial court=s
certification is defective.








The
State relies on Shankle v. State for the proposition that a defendant
has no right of appeal under article 44.02 of the code of criminal procedure
when the defendant enters into a Acharge-bargain,@ that
is, a plea bargain where the defendant agrees to plead guilty to one charge in
exchange for the State=s promise not to prosecute the
defendant for other charges.  119 S.W.3d
808 (Tex. Crim. App. 2003).  In Shankle,
the Court of Criminal Appeals described two basic kinds of plea‑bargaining
in the United States: Acharge‑bargaining@ and Asentence-bargaining.@  Id. at 813.  In Acharge‑bargaining,@ a
defendant agrees to plead guilty to the offense formally alleged or to some
lesser or related offense and the State agrees to dismiss, or refrain from
bringing, other charges.  Id.  ASentence‑bargaining@ may
occur when the parties place before the trial court binding or nonbinding
recommendations on sentences, including a recommended Acap@ on
sentencing and/or a recommendation for deferred adjudication community
supervision.  Id.  The court observed that both charge‑bargaining
and sentence‑bargaining either directly involve punishment, or at least
affect punishment, and noted, for example, that an agreement to dismiss a
pending charge or not to bring an available charge effectively puts a cap on
punishment at the maximum sentence for the charge not dismissed.  Id. 
The court set out a hypothetical example of charge‑bargaining that
is remarkably similar to the facts of the instant appeal:

Charge‑bargains can
affect punishment in other ways.  For
example, two offenses may be within the same range of punishment, but if one of
them is described in Code of Criminal Procedure article 42.12, section 3g, and
the other is not, the effects of sentences that are identical on their faces
can be quite different.  Sentences that
are described in that section cannot be suspended by the trial court without
the recommendation of a jury, and offenders convicted of them become eligible
for parole only when their actual calendar time served in confinement equals
the lesser of one‑half of the sentence or 30 years, while other offenders
are eligible when their actual calendar time served plus good conduct time
equals the lesser of one‑fourth of the sentence or 15 years.

 













Id. at 813B14
(footnotes omitted).  The court concluded
that such a charge-bargain is a plea bargain as defined by article 44.02 of the
code of criminal procedure[2]
and rule of appellate procedure 25.2(a)(2).[3]  Shankle, 119 S.W.3d at 814.[4]  Because the punishment assessed in Shankle
did not exceed the maximum punishment for the nondismissed charge to which the
defendant pleaded guilty under his charge-bargain agreement with the State, the
court held that he had no right to appeal under article 44.02 and rule
25.2(a)(2) and dismissed the appeal for lack of jurisdiction.  Shankle, 119 S.W.3d at 814.








For the
same reasons, Appellant has no right to appeal in this case.  The plea agreement was stated on the record
by the prosecutor: The State would not prosecute Appellant in his other pending
cases if Appellant pleaded guilty to the possession with intent to deliver
methamphetamine charge.  Neither
Appellant nor his counsel objected to the prosecutor=s
recitation of the agreement, and counsel=s
subsequent examination of Appellant and Appellant=s
answers to his questions are wholly consistent with the agreement.  The jury assessed punishment that was less
than the maximum for the charge to which Appellant  pleaded guilty.  See Tex.
Health & Safety Code Ann. ''
481.112(a), (d) (Vernon 2003); Tex.
Penal Code Ann. ' 12.32
(Vernon 2007) (together providing that possession with intent to deliver more than
four but less than 200 grams of methamphetamine is a first-degree felony
punishable by a sentence of imprisonment of up to ninety-nine years or life and
a $10,000 fine).  Because Appellant
pleaded guilty and Athe punishment did not exceed
the punishment recommended by the prosecutor and agreed to by the defendant,@ we hold
that Appellant has no right of appeal under rule 25.2(a)(2).  See Tex.
R. App. P. 25.2(a)(2); Shankle, 119 S.W.3d at 814.

Because
Appellant has no right of appeal, we have no jurisdiction over his complaint
that the trial court failed to properly admonish him.  See Shankle, 119 S.W.3d at 814.  We therefore grant the State=s plea
to the jurisdiction and dismiss the appeal. 
See id.; Tex. R. App. P.
42.3(a).

PER CURIAM

 

PANEL: 
GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: August 7, 2008











[1]See Tex. R. App. P. 47.4.





[2]Article 44.02 provides as follows:

 

A defendant in any criminal action has the right of
appeal under the rules hereinafter prescribed, provided, however, before the
defendant who has been convicted upon either his plea of guilty or plea of nolo
contendere before the court and the court, upon the election of the defendant,
assesses punishment and the punishment does not exceed the punishment
recommended by the prosecutor and agreed to by the defendant and his attorney
may prosecute his appeal, he must have permission of the trial court, except on
those matters which have been raised by written motion filed prior to trial.

 

Tex.
Code Crim. Proc. Ann. art. 44.02 (Vernon Supp. 2007).





[3]Rule 25.2(a)(2) provides as follows:

 

In a plea bargain caseBthat is, a case in which a defendant=s plea
was guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendantBa
defendant may appeal only:

 

(A) those matters that were raised by written motion
filed and ruled on before trial, or

 

(B) after getting the trial court=s
permission to appeal.

 

Tex. R. App. P. 25.2(a)(2).





[4]Although the court of criminal appeals observed that
it Aembodied the guilty-pleading defendant=s right
to appeal@ under article 44.02 in rule 25.2(a)(2), Shankle,
119 S.W.3d at 812, we note that the definition of Aplea
bargain@ in rule 25.2(a)(2) is not the same as the definition
in article 44.02.  Article 44.02 limits Aplea
bargain@ to situations where Athe court,
upon the election of the defendant, assesses punishment and the punishment does
not exceed the punishment recommended by the prosecutor.@  Tex. Code Crim. Proc.
Ann. art.
44.02 (emphasis added).  Rule 25.2(a)(2)=s definition of plea
bargainCAa case in which a
defendant=s plea was guilty or nolo
contendere and the punishment did not exceed the punishment recommended by
the prosecutor and agreed to by the defendant@Cdoes not limit the term
to situations where the court assesses punishment.  Tex.
R. App. P. 25.2(a)(2) (emphasis added). 
Thus, rule 25.2(a)(2)=s limitation on a plea-bargaining defendant=s right to appeal
encompasses situations where, as here, a jury assesses punishment, while
article 44.02 limits a defendant=s right to appeal only when the court assesses
punishment.